UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

HONEYWELL INTERNATIONAL INC.,

    Movant,

v.

THE LAW OFFICES OF PETER T. NICOLL,

    Respondent.

Misc. Case No. 21-151(CKK)

---

**MEMORANDUM OPINION**
(January 5, 2022)

Movant Honeywell International Inc. ("Honeywell") served a non-party subpoena on Respondent The Law Offices of Peter T. Nicoll ("Nicoll") (the "Subpoena") related to a proceeding currently pending in the United States Bankruptcy Court for the Western District of Pennsylvania. In its [1] Motion to Transfer, Compel, and Expedite Proceedings, Honeywell seeks to transfer its motion to that court, or, in the alternative, to compel discovery responsive to the Subpoena.

Upon review of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will grant Honeywell's Motion to Transfer and will transfer this action to the U.S. Bankruptcy Court for the Western District of Pennsylvania. The Court, therefore, does not address the merits of Honeywell's Motion to Compel.

---

[1] The Court's consideration has focused on:
- Honeywell's Motion to Transfer, Compel, and Expedite Proceedings ("Honeywell's Mot."), ECF No. 1;
- Honeywell's Notice of Supplemental Authority ("Suppl. Auth."), ECF No. 7.
- Nicoll's Consolidated Opposition to Honeywell's Motion to Transfer, Compel, and Expedite ("Nicoll's Opp'n"), ECF No. 13; and
- Honeywell's Reply in Further Support of Motions to Transfer, Compel, and Expedite ("Honeywell's Reply"), ECF No. 15.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

## I. BACKGROUND

In the underlying action, *Honeywell International Inc. v. North American Refractories Company Asbestos Personal Injury Settlement Trust*, Adv. Proc. No. 21-2097 (Bankr. W.D. Pa.) (the "2021 NARCO Litigation"), Honeywell seeks declaratory and injunctive relief to prevent the North American Refractories Company ("NARCO") Asbestos Personal Injury Trust (the "Trust") from paying claims of those injured by NARCO asbestos-containing products based on "form" affidavits. Honeywell's Mot. at 1, 4; Honeywell's Mot. Ex. 2, 2021 NARCO Litigation Compl. ¶¶ 1, 214–22, ECF No. 1-4. According to Honeywell, the Trust may pay claims based on competent evidence of asbestos exposure, but has instead paid claimants based on "form" affidavits which "use[ ] the same formulaic, boilerplate language to describe a claimant's exposure . . . to NARCO's asbestos-containing products." Honeywell's Mot. at 1, 2. Honeywell claims that Nicholl has been the largest beneficiary of the Trust's acceptance of such "form" affidavits; the Trust has paid Nicholl's clients more than $85 million, making Nicholl "the firm that has received the most payments from the Trust." *Id.* at 2; Bekker Decl. ¶¶ 4–6, ECF No. 1-6.

Honeywell indicates that it previously sued the Trust in 2015, seeking an injunction to prevent the Trust's "payment on form affidavits, specifically the Nicholl Forms as well as those submitted from several other firms." Honeywell's Mot. at 3; *see* Honeywell's Mot. Ex. 2, 2021 NARCO Litigation Compl. ¶ 95. According to Honeywell, the Trust voluntarily agreed in that case to stop accepting "form" affidavits as sufficient evidence to support a claim for payment. Honeywell's Mot. at 3 (citing *In re NARCO*, 542 B.R. 350, 356 (Bankr. W.D. Pa. 2015)). However, the Trust allegedly "reversed" this policy and "reverted to allowing form affidavits." *Id.*; Honeywell's Mot. Ex. 2, 2021 NARCO Litigation Compl. ¶ 113. Honeywell claims that Nicholl's clients have been the beneficiaries of this reversal, having been paid "over $46 million

in the last two years alone" based on the "very same form affidavits." Honeywell's Mot. at 3; *see* Bekker Decl. ¶ 4. Judge Thomas P. Agresti of the U.S. Bankruptcy Court for the Western District of Pennsylvania presided over Honeywell's 2015 lawsuit against the Trust, and is now presiding over the 2021 NARCO Litigation. *See* Honeywell's Mot. at 3, 4.

Honeywell served the Subpoena on Nicholl in November 2021, seeking information about "Nicholl claimants whom the Trust paid based on their form affidavits" and documents that Nicholl provided to the Trust's auditor. *Id.* at 4; Bekker Decl. ¶ 3; Honeywell's Mot. Ex 1, Subpoena, ECF No. 1-3. Honeywell also served subpoenas on other non-party law firms. Honeywell's Mot. at 4–5. At least one other firm has moved to quash the subpoena. *Id.* at 5. In addition, the Trust sought a protective order to quash all of Honeywell's non-party subpoenas to law firms. *See* Suppl. Auth. Ex. A, Order at 2, ECF No. 7-1. Judge Agresti recently denied that motion, observing that the "subpoenaed material seems to meet the discovery standard of material that is relevant to Honeywell's claim and proportional to the needs of the case," but also noting that the "subpoenaed law firms are all sophisticated entities that presumably have the expertise and resources . . . to seek their own protective orders if they believe that to be warranted." *Id.*

Honeywell now seeks to transfer its motion to compel to the U.S. Bankruptcy Court for the Western District of Pennsylvania. Honeywell seeks this transfer due to Judge Agresti's "long history with the two related Honeywell litigations" and to "avoid inconsistent rulings" regarding non-party subpoena compliance. In its Reply, Honeywell indicates that on December 27, 2021, the District Court for the Middle District of Florida issued a transfer order "in connection with a parallel motion to compel that Honeywell brought against a second law firm[.]" Honeywell's Reply at 1; Honeywell's Reply Ex. 1, ECF No. 15-2. In the alternative, Honeywell asks this Court to compel Nicholl to produce materials responsive to the Subpoena.

## II.  DISCUSSION

Under Federal Rule of Civil Procedure 45, a subpoena to produce materials, permit inspection of materials, or submit to a deposition "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2).  If the subpoena's recipient does not comply to the serving party's satisfaction, then the "serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). However, under Rule 45(f), the court where compliance is required can transfer a motion to compel to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).  "[T]he proponent of transfer bears the burden of showing that such circumstances are present[.]" Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.

Because Nicholl does not consent to the transfer of Honeywell's motion to compel, *see* Nicholl's Opp'n at 14–18, the Court may transfer the motion only based on a finding of "exceptional circumstances."  The Court's "prime concern" in transferring a motion on this basis "should be avoiding burdens on local nonparties subject to subpoenas." *Id.*  In "some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation[,]" including when "the same issues are likely to arise in many districts." *Id.*  But "[t]ransfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*  Therefore, "courts weighing transfer under Rule 45(f) must carefully balance the 'interest of the nonparty in obtaining local resolution of [a subpoena-related] motion' against the interest 'in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court.'" *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 375 (D.D.C. 2017) (quoting

*Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)) (additional citations omitted). "In conducting this balancing, a court must determine if 'the issuing court is in a better position to rule on the motion due to [its] familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation.'" *In re Braden*, 344 F. Supp. 3d 83, 90 (D.D.C. 2018) (quoting *In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F. Supp. 3d 286, 288 (D.D.C. 2015)).

"Courts in this jurisdiction have identified several factors that support a finding of exceptional circumstances," *Braden*, 344 F. Supp. 3d at 90, including the "complexity [of the underlying matter], [its] procedural posture, [the] duration of pendency [of the underlying case], and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d at 376 (internal citation and quotation marks omitted). "At bottom, the established considerations appear to relate to three overarching questions: (1) whether the underlying litigation will be disrupted if the subpoena dispute is not transferred; (2) whether the nonparty subpoena recipient will suffer undue burden or cost if the subpoena dispute is transferred; and (3) whether, based on various considerations, the issuing court is in the best position to rule on the motion to compel." *Id.* Reviewing these factors, the Court concludes that the U.S. Bankruptcy Court for the Western District of Pennsylvania is better positioned to address the merits of Honeywell's motion to compel, and that transferring the motion to that court will not impose an undue burden or cost on Nicholl.

The 2021 NARCO Litigation is likely to be disrupted if Honeywell's motion to compel is not transferred. Judge Agresti has "set an expedited schedule for this litigation," with expert reports due on February 9, 2022, "discovery closing on March 7, 2022 and trial beginning on May

23, 2022." Honeywell's Mot. at 14. If this Court declines to transfer the subpoena dispute, it would need time to "familiarize itself with the underlying action," which would "risk disrupting the [other court's] case management order." *In re Braden*, 344 F. Supp. 3d at 92; *see also Duck v. SEC*, 317 F.R.D. 321, 325 (D.D.C. 2016) (transfer "is appropriate where [it] would avoid interference with a time-sensitive discovery schedule issued in the underlying action"); *Google, Inc. v. Digital Citizens Alliance*, Misc. Action No. 15-0707 JEB/DAR, 2015 WL 4930979, at *3 (D.D.C. July 31, 2015) (transfer was appropriate where "not transferring the subpoena-related motions carrie[d] with it the potential of interfering with the discovery timeline of the underlying litigation"). The U.S. Bankruptcy Court for the Western District of Pennsylvania is familiar with the issues underlying the 2021 NARCO Litigation, including the requirements of claims submitted to the Trust and the alleged use of "form" affidavits. *See, e.g.*, *In re NARCO*, 542 B.R. at 354–56.

Moreover, without a transfer, there is a risk of conflicting rulings on the relevance of the subpoenaed documents. The "potential for inconsistent rulings should be avoided and weighs in favor of a single judicial officer deciding all of these disputes." *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014); *see also Coal. for App Fairness v. Apple, Inc.*, Case No. 1:21-mc-00098-TNM, 2021 WL 3418805, at *3 (D.D.C. Aug. 5, 2021) (granting transfer where "Apple has filed 'nearly identical' motions to compel" in three districts). At least one other court has already transferred motions to compel and quash regarding a subpoena served on a different law firm by Honeywell relating to the 2021 NARCO Litigation to the court in which that case is pending. *See* Honeywell's Reply Ex. 1, Order, *Honeywell Int'l Inc. v. NARCO Personal Injury Settlement Trust*, 8:21-mc-157-CEH-AAS (M.D. Fla. Dec. 27, 2021). Transfer of the motion in this action would avoid inconsistent outcomes regarding the same types of subpoenaed records.

Finally, Nicholl is unlikely to suffer undue burden or cost if the subpoena dispute is transferred to the U.S. Bankruptcy Court for the Western District of Pennsylvania. Although Nicholl contends that being required to comply with the Subpoena itself would impose an undue burden, *see* Nicholl's Opp'n at 2, 23–27, it does not offer any specific reasons that transferring Honeywell's motion to compel to another jurisdiction would do so. Although there may be some inconvenience to Nicholl associated with litigating Honeywell's motion to compel outside of this jurisdiction, the parties have already fully briefed the merits of Honeywell's motion to compel. Moreover, the Advisory Committee Notes encourage the transferee court to permit telephonic participation after transfer to minimize travel costs to non-parties. *See* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendments.

In sum, the Court finds that exceptional circumstances warrant transfer of this action to the U.S. Bankruptcy Court for the Western District of Pennsylvania. That court is in a better position to rule on the Honeywell's motion to compel in light of its history and familiarity with the parties and the issues underlying the subpoena dispute. In addition, transfer would mitigate the risks of delaying those proceedings and inconsistent discovery rulings. These interests outweigh the interest Nicholl has in litigating Honeywell's motion to compel in this jurisdiction.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Honeywell's [1] Motion to Transfer, Compel, and Expedite Proceedings to the extent it seeks to transfer this action to the U.S. Bankruptcy Court for the Western District of Pennsylvania. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: January 5, 2022